UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 06-14135-CIV-MOORE/LYNCH

BOBBY LEE ROBINSON

    Plaintiff
v.

RIVERSTONE COMMUNITIES, LLC,
a Michigan corporation

    Defendant.
_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon the Plaintiff's Motion for Summary Judgment (DE # 35). No Response was filed by the Defendant.

UPON CONSIDERATION of the motion, and the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### I. Background

The instant action arises out of work performed by the Plaintiff, Bobby Lee Robinson ("Plaintiff" or "Robinson") for the Defendant, Riverstone Communities ("Defendant" or "Riverstone"). Riverstone is a Michigan corporation, in the business of servicing trailer park communities. Plaintiff claims he was an employee of Riverstone, that he worked overtime hours during his employment, and is therefore entitled to unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"). According the Plaintiff's Motion for Summary Judgment, Defendant's position is that Plaintiff was an independent contractor, and not eligible for overtime pay under the FLSA. Pl. Mot. at 3.

## II. Standard of Review

The applicable standard for reviewing a summary judgment motion is unambiguously stated in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. However, the nonmoving party:

> may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

In other words, the party opposing summary judgment "must do more than simply show

that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). In determining whether this evidentiary threshold has been met, the trial court "must view the evidence presented through the prism of the substantive evidentiary burden" applicable to the particular cause of action before it. Anderson, 477 U.S. at 254. Summary judgment may be granted if the nonmovant fails to adduce evidence which, when viewed in a light most favorable to him, would support a jury finding in his favor. Id. at 254-55.

Additionally, the nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. Id.

### III.   Discussion

The FLSA was created to eliminate, or at least reduce, the commercial distribution of goods produced through poor labor conditions. *See* 29 U.S.C. § 202(a). One method of freeing "commerce from the interferences arising from production of goods under conditions detrimental to the health and well-being of workers" was the elimination of low wages and long hours. Rutherford Food Corporation v. McComb, 331 U.S. 722, 727 (1947). The Act imposes a minimum wage for covered employees, 29 U.S.C. § 206, requires that covered employers maintain records of their employees' services, 29 U.S.C. § 211(c), and prohibits employers from employing any worker for a workweek longer than forty hours unless the employee receives compensation for the excess hours at a rate not less than one and one half times the regular rate at which the worker is employed, 29 U.S.C. § 207(a)(1). The FLSA defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). An "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). To "employ" is defined as to "suffer or permit to work." 29 U.S.C. § 203(g).

To determine if a worker is an "employee" or an independent contractor not covered by the FLSA, courts apply the "economic realities" test, evaluating the following non-exclusive factors

(1) the nature and degree of control of the workers by the alleged employer;
(2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;
(3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers;
(4) whether the service rendered requires a special skill;
(5) the degree of permanence of the working relationship; and
(6) whether the service rendered is an integral part of the alleged employer's business.

Santelices v. Cable Wiring, 147 F.Supp.2d 1313, 1319 (S.D.Fla. 2001) *citing* Bartels v. Birmingham, 332 U.S. 126 (1947).

Plaintiff has made a showing of evidence to support his claims that he was an employee of Defendant's, and thus entitled to overtime pay pursuant to the FLSA, and that Defendant willfully violated the FLSA. See generally, Pl. Mot. Plaintiff has alleged that Defendant "instructed the Plaintiff when to report to work," when to take a lunch break, and as to his specific duties. Id. at 5. Plaintiff claims Defendant provided the materials and supplies required to perform his job, that no special skills were required, and that Plaintiff was paid a regular hourly wage. Id. at 5, 10. In support of his claim for damages, Plaintiff points to Exhibit 18 of Defendant's Answer and Affirmative Defenses (DE # 7), which notes that Plaintiff worked 38 overtime hours, and that he was not paid for overtime in the amount of $161.50, and brings evidence to show the Defendant was aware of the requirements regarding overtime pay. Pl. Mot. at 6.

Defendant has claimed, as an affirmative defense, that Plaintiff was an independent contractor, and not subject to the FLSA. Def. Answer at 2. Defendant declined to respond to Plaintiff's Motion for Summary Judgment, and has failed to allege facts to support its affirmative

defenses. Accordingly, this Court finds that Defendant has failed "to adduce evidence which, when viewed in a light most favorable to [it], would support a jury finding in [its] favor." Anderson, 477 U.S. at 254-55.

## IV.  Conclusion

For the reasons described above, it is

ORDERED AND ADJUDGED that Plaintiff's Motion for Summary Judgment on Liability and Partial Summary Judgment as to Damages (DE # 35) is GRANTED. Judgment is entered for the Plaintiff in the amount of $161.50 for unpaid half-time premium for overtime hours worked, and $161.50 in liquidated damages. As the only issue remaining in this case is the determination of Plaintiff's attorney's fees and costs, the Clerk is instructed to CLOSE this case. All pending motions not otherwise ruled on are DENIED AS MOOT. Plaintiff is instructed to file a motion for attorney's fees and costs within eleven (11) days from the date of this order.

DONE AND ORDERED in Chambers at Miami, Florida, this 27th day of April, 2007

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:  Magistrate Judge Lynch
     All counsel of record